MEMORANDUM ***
Aida Elizabeth Martinez-Alvarado, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (Board) affirming the immigration judge’s (IJ) denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence and we will uphold the Board’s decision unless the evidence compels a contrary conclusion. Singh v. Ashcroft, 362 F.3d 1164, 1168 (9th Cir.2004). We deny the petition for review.
Substantial evidence supports the Board’s adverse credibility determination based on the inconsistencies between Martinez-Alvarado’s asylum application and her testimony regarding the circumstances of significant incidents of harm she states she suffered. 8 U.S.C. § 1158(b)(1)(B)(iii); Zamanov v. Holder, 649 F.3d 969, 973 (9th Cir.2011) (“[inconsistencies regarding events that form the basis of the asylum claim are sufficient to support an adverse credibility determination.”). Specifically, Martinez-Alvarado failed to mention in her asylum application the principal source of her fear, namely an individual who allegedly threatened her and was involved in the deaths of her father and brother.[1] Instead, she listed four other reasons for departing El Salvador in an addendum to her asylum application, but testified extensively about this individual during the removal proceedings. See Shrestha v. Holder, 590 F.3d 1034, 1046-47 (9th Cir.2010) (“Although inconsistencies no longer need to go to the heart of the petitioner’s claim when an inconsistency is at the heart of the claim it doubtless is of great weight.”). Moreover, because Martinez-Alvarado’s testimony lacked credibility, her failure to present corroborating evidence was fatal to her application. See Sidhu v. INS, 220 F.3d 1085, 1090 (9th Cir.2000) (“[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant’s failure to corroborate his testimony can be fatal to his asylum application.”).
Martinez-Alvarado’s explanations for the inconsistencies do not compel a contrary conclusion. INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). In the absence of credible testimony, Martinez-Alvarado’s asylum and withholding of removal claims necessarily fail. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The dissent maintains that each of the reasons supporting the Board’s decision fails. However, when read in its totality there is sufficient evidence to support an adverse credibility decision. A petitioner will fail to meet his or her burden of proof to establish eligibility for asylum by not providing credible testimony, see Singh-Kaur v. INS, 183 F.3d 1147, 1153 (9th Cir. 1999) (upholding IJ's finding that petitioner’s testimony was not credible because it lacked specificity), and not properly explaining why material evidence is omitted, see Sidhu v. INS, 220 F.3d 1085, 1092 (9th Cir.2000). Here, there were material omissions in Martinez-Alvarado’s initial asylum application, inconsistencies between the application and her testimony and discrepancies regarding her failure to provide further documentation to support her claim. Accordingly, substantial evidence supports the Board's decision.